On Petition for Rehearing
TERRELL, Justice.
A careful reading of the petition for rehearing convinces us that counsel or this court is completely “messed up” on the question of procedure. It is not essential to the disposition of the cause to decide at this time which is. When we granted the motion of petitioner June 6, 1956, to dismiss the petition for certiorari to review an order of the chancellor entered subsequent to the final decree, nothing remained for us to consider but the main appeal from the final decree, the only question in which had to do with the custody of the minor child. *772 We affirmed the'chancellor as to that but on “condition that such affirmance determine status up to final decree only.” We further held that “nothing said herein is to be construed to be res adjudicata as to any application for change of custody.”
It was our view then, and is now, that when the mandate went down if the circumstances of appellant in his judgment had changed since the final decree so as to warrant him in doing so, he would be at liberty to apply for change in custody of the minor child. Whether or not the chancellor would grant such change in custody would depend on conditions shown to exist at that time. Nothing in this holding is contrary to Sections 59.45, 59.34, 59.35, Florida Statutes, F.S.A., or any statute or decision of this court. It becomes unnecessary to discuss the difficulties anent the petition for rehearing.
The petition for rehearing is therefore denied.
DREW, C. J., and HOBSON and THORNAL, JJ., concur.